**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Antonio GONZALEZ–RADIYA,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Antonio Gonzalez–Radiya, aka Jaime**
**Rosales–Morales aka Antonio Trujil-**
**lo–Avalos, Defendant—Appellant.**

**Nos. 04–10429, 04–10436.**
**D.C. No. CR–04–00254–FRZ/NFF,**
**CR–00–00254–1–FRZ.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.[*]

Decided Sept. 19, 2005.

Celeste Corlett, Tucson, AZ, for Plaintiffs–Appellees.

Lee Tucker, Tucson, AZ, for Defendants–Appellants.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM[**]

Antonio Gonzalez–Radiya appeals the sentence imposed following his guilty plea to unlawfully entering the United States

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

after having been previously deported in violation of 8 U.S.C. § 1326.

Gonzalez–Radiya contends that the district court erred in applying the Sentencing Guidelines as mandatory when imposing his sentence. Because Gonzalez–Radiya was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 915–16 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

**REMANDED.**